**Gedwer J. Diaz RODAS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74133.

Agency No. A76–847–641.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 25, 2004.

Stephen Shaiken, Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Donald E. Keener, Alison R. Drucker, Marion E. Guyton, Attorney, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Gedwer J. Diaz Rodas, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's determination that an applicant has not established eligibility for asylum, and we must uphold the decision unless the evidence compels a contrary result. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). We deny the petition.

Diaz Rodas testified that he deserted from a military academy because he "did not like" the school and military discipline. Diaz Rodas also testified that shortly thereafter, guerillas kidnaped and attempted to recruit him because of his military experience, not because of his political opinion, real or imputed. Accordingly, the IJ's determination that Diaz Rodas failed to establish eligibility for asylum is supported by substantial evidence. *See Barraza Rivera v. INS*, 913 F.2d 1443, 1450 (9th Cir.1990) (holding that requiring military service and punishing deserters does

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not per se constitute persecution); *INS v. Elias–Zacarias*, 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that forced recruitment without more is insufficient to establish persecution on account of one's political opinion).

By failing to qualify for asylum, Diaz Rodas necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Diaz Rodas' contention that the BIA's summary affirmance procedure violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

Diaz–Rodas' motion to file a letter brief is granted. The clerk shall file the letter brief received June 24, 2003.

**PETITION FOR REVIEW DENIED.**

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.